WILLIE PERRERSON v. THE STATE.

No. 5575. Decided November 26, 1919.

1.—Theft—Sufficiency of the Evidence.

Where, upon trial of theft, the evidence sustained the conviction, there was no reversible error.

2.—Same—Evidence—Confession—Bill of Exceptions.

Where appellant complained of the admission of certain confessions, but her bill of exceptions failed to show that she was under arrest at the time of her statement, there was no reversible error.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that some of the alleged stolen property was found in defendant's house, and some of it was found in her trunk. The defendant denied that she stole the property.

No brief on file for appellant.

Alvin M. Owsley, Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of theft. The evidence is sufficient to sustain the conviction. The only other point

suggested for review is in a bill of exception prepared by the court. It is directed against the admission of testimony claimed to have been in the nature of a confession made while under arrest and not accompanied with the formalities required by statutes. The bill as presented fails to show that the appellant was under arrest at the time she made the statement complained of, and does not show sufficiently the surrounding facts to advise this court of the materiality of the evidence which the appellant sought to exclude. The stolen property obtained from appellant was identified by other witnesses, and she on the witness stand—as we understand her testimony—admitted the possession of it but claimed to have gotten it by purchase.

Finding no error disclosed in the record the judgment is affirmed.

*Affirmed.*